## ADDENDUM B

### *List of Issues Proposed to Be Raised on Appeal and the Applicable Standard of Review for Each Proposed Issue*

1.  Did the Lower Court err in denying Appellant-Defendant's request for conducting liability discovery (ECF No. 19)? The applicable standard of review for this issue is the abuse of discretion standard.

2.  Did the Lower Court err in denying Appellant-Defendant's motion to dismiss the Complaint (ECF No. 38)? The applicable standard of review for this issue is the *de novo* standard.

3.  Did the Lower Court err in denying Appellant-Defendant's request for an adjournment of trial to June 2023 (ECF No. 49)? The applicable standard of review for this issue is the abuse of discretion standard.

4.  Did the Lower Court err in denying Appellant-Defendant's request for conducting discovery regarding DNA issues and the opportunity to raise DNA issues at trial (ECF Nos. 56 and 95)? The applicable standard of review for this issue is the abuse of discretion standard.

5.  Did the Lower Court err in denying Appellant-Defendant's motion *in limine* concerning unduly prejudicial propensity evidence and the testimony of Cheryl Lee Beall and Robert Salerno (ECF No. 92)? The applicable standard of review for this issue is the abuse of discretion standard.

6.  Did the Lower Court err in granting Appellee-Plaintiff's motion *in limine* concerning unduly prejudicial propensity evidence (ECF No. 95)? The applicable standard of review for this issue is the abuse of discretion standard.

7.  Did the Lower Court err in denying Appellant-Defendant's motion to for summary judgment seeking an order dismissing Appellee-Plaintiff's defamation claim (ECF No. 96)? The applicable standard of review for this issue is the *de novo* standard.

8.  Did the Lower Court err in denying Appellant-Defendant's request for counsel to be provided the names of potential jurors (ECF No. 105)? The applicable standard of review for this issue is the abuse of discretion standard.

9.  Did the Lower Court err in denying Appellant-Defendant's request for an adjournment of trial and discovery concerning the issue of litigation funding (in addition to the very limited discovery granted by the Lower Court)(ECF No. 110)? The applicable standard of review for this issue is the abuse of discretion standard.

1

10. Did the Lower Court err in denying Appellant-Defendant's request for extensive voir dire and the use of a written juror questionnaire (ECF Nos. 113 and 117)? The applicable standard of review for this issue is the abuse of discretion standard.

11. Did the Lower Court err in denying Appellant-Defendant's request for an adjournment of trial for a cooling off period due to media attention concerning the indictment and arraignment of Appellant-Defendant (ECF No. 114)? The applicable standard of review for this issue is the abuse of discretion standard.

12. Did the Lower Court err in denying Appellant-Defendant's request for a preliminary jury charge concerning Appellant-Defendant's attendance at trial (ECF No. 125)? The applicable standard of review for this issue is the *de novo* standard.

13. Did the Lower Court err in denying Appellant-Defendant's request for *voir dire* of Natasha Stoynoff (ECF No. 153)? The applicable standard of review for this issue is the abuse of discretion standard.

14. Did the Lower Court err in granting Appellee-Plaintiff's motion *in limine* concerning litigation funding evidence (ECF No. 155, April 26, 2023 trial transcript at 240:2-19 and May 1, 2023 trial transcript at 475:13)? The applicable standard of review for this issue is the abuse of discretion standard.

15. Did the Lower Court err in granting Appellee-Plaintiff's motion *in limine* concerning Federal Rule of Evidence 412 (ECF No. 157 and April 26, 2023 trial transcript at 210:4-6)? The applicable standard of review for this issue is the abuse of discretion standard.

16. Did the Lower Court err in ruling on the transcript designations for the deposition of Appellant-Defendant (ECF No. 158)? The applicable standard of review for this issue is the abuse of discretion standard.

17. Was the jury verdict not supported by sufficient evidence (ECF No. 174)? The applicable standard of review for this issue is the *de novo* standard.

18. Were the amounts awarded by the jury excessive (ECF No. 174)? The applicable standard of review for this issue is the abuse of discretion standard.

19. Did the Lower Court err in denying Appellant-Defendant's motion for a mistrial (May 1, 2023 trial transcript at 475:13)? The applicable standard of review for this issue is the *de novo* standard.

20. Did the Lower Court err in:

(a) mischaracterizing evidence in front of the jury (April 26, 2023 trial transcript at 138:1-15; and April 27, 2023 trial transcript at 360: 4-7, 449:22 -450:24; 452:2 - 453:4);

(b) refusing to allow Appellant-Defendant to respond to Appellee-Plaintiff's statement about the amount of attorneys seated at counsel's table (April 27, 2023 trial transcript at 435:3-6);

(c) sustaining improper "argumentative" objections during Appellant-Defendant's cross-examination of witnesses (*see, e.g.,* April 27, 2023 trial transcript at 382:3-8; 389:19-25; 394:16-395:7; 421:23 - 422:3; 436:13-18);

(d) alluding to the use of extra-judicial remedies as to a social media posting by Eric Trump (April 26, 2023 trial transcript at 242:6-10 and 243:2-5); and

(e) ignoring Appellee-Plaintiff's violation of the Court's protective order (April 26, 2023 trial transcript at 109:11 -111:2).

The applicable standard of review for these issues is the abuse of discretion standard.