**United States Court of Appeals for the Second Circuit**
**Civil Appeal Pre-Argument Statement (Form C)**

**Addendum A (1)**    <u>**Nature of the Action**</u>

Appellee-Plaintiff, E. Jean Carroll's ("Plaintiff") contentions arise out of an alleged sexual assault which she claims occurred at the Bergdorf Goodman store in New York, New York on an uncertain date "between the fall of 1995 and the spring of 1996." There were no eyewitnesses to this alleged incident nor is there any photographic or video evidence of this purported incident at Bergdorf Goodman, which is not surprising since this alleged incident never occurred.

Appellant-Defendant, Donald Trump ("Defendant") submits that Plaintiff's story defies common sense. By way of one example, Plaintiff claims that there were no customers or staff anywhere to be seen immediately before, during and after the alleged incident. Such a notion is implausible given that Bergdorf Goodman is a popular department store located in Manhattan on Fifth Avenue.

Importantly, Plaintiff brought this false allegation for personal reasons in order to sell a book and for political reasons in an attempt to harm the reputation and presidency of Defendant. Plaintiff turned her allegations against Defendant into a lifestyle and sought to monetize her allegations as much as possible, including going on an extensive media tour. Plaintiff was also determined to damage Defendant through her allegations because of her significant political bias against him.

Additionally, she colluded with two of her friends, Lisa Birnbach and Carol Martin, who also despise Defendant, to create a false story that Plaintiff reported this alleged incident to them shortly after it allegedly occurred. However, neither Ms. Birnbach nor Ms. Martin can

remember when Plaintiff supposedly told them about this purported assault, and incredibly, they, along with Plaintiff, all state that they never spoke to anyone about this purported incident for decades until Plaintiff decided to publish a book about it.

In sum, Defendant wholly denies the veracity of Plaintiff's claims and maintains that his denial of her allegations was truthful.

As to Plaintiff's assertion that she suffered emotional injuries from this alleged incident, that assertion is baseless because she could not have been harmed by something that never occurred. To that end, Plaintiff has also admitted that she was not emotionally harmed by the alleged incident.

On October 12, 2022, Defendant justifiably responded to Plaintiff's false accusations of the purported sexual assault by denying them again in a statement posted on Truth Social. Defendant truthfully stated that her allegations of sexual assault are false and that she made them for political reasons and to sell her book.

Notwithstanding Plaintiff's allegations to the contrary, Ms. Carroll did not sustain any reputational or economic harm as a result of the October 12, 2022 statement made by the Defendant on Truth Social. Furthermore, Plaintiff is not entitled to recover for any such alleged harm due to the fact that Defendant's October 12, 2022 statement was a truthful denial of that false accusation. Additionally, Plaintiff's reputation and financial status have only improved since she began this very public dispute with Defendant.