**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): __23-793__     _____  Caption [use short title]

Motion for: __Motion to Expedite Oral Argument__

_____

_____

Set forth below precise, complete statement of relief sought:

__Pursuant to Federal Rules of Appellate Procedure 2 and 27,__          **Carroll v. Trump**

__Plaintiff-Appellee E. Jean Carroll respectfully requests that the__

__Court schedule oral argument in this appeal as soon as possible,__

__preferably before the end of July 2024—and further requests that__

__the Court expedite this appeal as necessary to ensure such a schedule.__

_____

MOVING PARTY: __E. Jean Carroll__          OPPOSING PARTY: __Donald J. Trump__

☐ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner          ☑ Appellee/Respondent

MOVING ATTORNEY: __Roberta A. Kaplan__          OPPOSING ATTORNEY: __D. John Sauer__

[name of attorney, with firm, address, phone number and e-mail]

__Kaplan Hecker & Fink LLP__          __James Otis Law Group, LLC__

__350 Fifth Avenue, 63rd Floor, New York, NY 10118__          __13321 N. Outer Forty Rd., Suite 300, St. Louis, MO 63017__

__(212) 763-0883; rkaplan@kaplanhecker.com__          __(314) 562-0031; John.Sauer@james-otis.com__

Court- Judge/ Agency appealed from: __Southern District of New York, Judge Lewis A. Kaplan__

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1)?
☑ Yes ☐ No (explain): _____

_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

_____

_____

_____

Is the oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes ☑ No  If yes, enter date: _____

Signature of Moving Attorney:

_RAK_ _____ Date: __5/14/2024__          Service : ☑ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

E. JEAN CARROLL,

      *Plaintiff-Appellee*,

  v.

DONALD J. TRUMP,

      *Defendant-Appellant.*

No. 23-793

## BRIEF OF PLAINTIFF-APPELLEE E. JEAN CARROLL IN SUPPORT OF MOTION TO EXPEDITE ORAL ARGUMENT IN THIS APPEAL

JOSHUA MATZ
KATE HARRIS
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, D.C. 20001
(212) 763-0883
jmatz@kaplanhecker.com
kharris@kaplanhecker.com

ROBERTA A. KAPLAN
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
rkaplan@kaplanhecker.com

*Counsel for Plaintiff-Appellee*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION ........................................................................................1

BACKGROUND ..........................................................................................2

   A.  *Carroll I* and *Carroll II* ...................................................................2

   B.  Mr. Trump's Obstruction of *Carroll I:*
      November 2019 to December 2022 ..............................................4

   C.  Mr. Trump's Attempts to Obstruct *Carroll II*:
      November 2022 to April 2023 .......................................................8

   D.  Mr. Trump's Further Obstruction of *Carroll I*:
      December 2022 to January 2024 .................................................11

ARGUMENT .............................................................................................14

CONCLUSION ..........................................................................................16

CERTIFICATE OF COMPLIANCE ......................................................... 17

## TABLE OF AUTHORITIES

**CASES**                                                                **PAGE(S)**

*Carroll v. Trump*,
    49 F.4th 759 (2d Cir. 2022)..................................................................7

*Carroll v. Trump*,
    88 F.4th 418 (2d Cir. 2023)................................................................12

*Carroll v. Trump*,
    498 F. Supp. 3d 422 (S.D.N.Y. 2020)................................................6

*Carroll v. Trump*,
    590 F. Supp. 3d 575 (S.D.N.Y. 2022)............................................4, 6

*Carroll v. Trump*,
    635 F. Supp. 3d 229 (S.D.N.Y. 2022)............................................5, 7

*Carroll v. Trump*,
    669 F. Supp. 3d 249 (S.D.N.Y. 2023)............................................8, 9

*Carroll v. Trump*,
    680 F. Supp. 3d 491 (S.D.N.Y 2023)..............................................11

*Carroll v. Trump*,
    683 F. Supp. 3d 302 (S.D.N.Y. 2023)................................................3

*Carroll v. Trump,*
    No. 20 Civ. 7311, 2023 WL 5312894 (S.D.N.Y. Aug. 18, 2023)...................12

*Carroll v. Trump*,
    No. 20 Civ. 7311, 2023 WL 5731152 (S.D.N.Y. Sept. 6, 2023)............ 2, 3, 12

*Carroll v. Trump*,
    No. 20 Civ. 7311, 2024 WL 1786366 (S.D.N.Y. Apr. 25, 2024)........... 3, 4, 13

*Carroll v. Trump*,
    No. 22 Civ. 10016, 2023 WL 2006312 (S.D.N.Y. Feb. 15, 2023)...............2, 8

## STATUTES

28 U.S.C. § 1346 ......................................................................................5

## FEDERAL RULES

Federal Rules of Appellate Procedure Rule 2 ............................................1

Federal Rules of Appellate Procedure Rule 27 ...................................1, 17

Federal Rules of Appellate Procedure Rule 32 ......................................17

## OTHER AUTHORITIES

Ben Protess et al., *Stalling: A Time-Tested Legal Strategy that Keeps Working for Trump*, N.Y. Times (Mar. 16, 2024) .........................................14

Glenn Beck, *Asking Donald Trump if He Would Campaign from JAIL*, BlazeTV (Aug. 30, 2023) ....................................................................10

Katie Benner & Charlie Savage, *White House Asked Justice Dept. to Take Over Defamation Suit Against Trump, Barr Says*, N.Y. Times (Sept. 9, 2020) .........5

Lauren Camera, *Trump's Legal Strategy of Delay, Delay, Delay Is Working*, U.S. News & World Report (Mar. 15, 2024) ....................................14

Natalie Musumeci, *Trump's Delay-Delay-Delay Strategy Is Paying Off*, Yahoo! News (May 8, 2024) ..........................................................14

*READ: Transcript of CNN's Town Hall with Former President Donald Trump*, CNN (May 11, 2023 2:31 PM) .......................................................10

## INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure 2 and 27, Plaintiff-Appellee E. Jean Carroll respectfully requests that the Court schedule oral argument in this appeal as soon as possible, preferably before the end of July 2024—and further requests that the Court expedite this appeal as necessary to ensure such a schedule.

Such relief is justified because, as Judge Kaplan observed in no fewer than six separate opinions, Defendant-Appellant Donald J. Trump has demonstrated a clear pattern of dilatory, obstructionist, and bad faith conduct throughout these proceedings. With the pendency of the general presidential election campaign (which will intensify in the fall), not to mention several active state and federal criminal proceedings, Mr. Trump may well contend that any oral argument scheduled for later in 2024 must be deferred until early 2025—at which point he could be preparing for an inauguration or awaiting another criminal trial. In addition, an expedited ruling here would promote an efficient, timely resolution of the separate appeal arising from a second trial between the parties, where Judge Kaplan relied partly on collateral estoppel, as well as testimony at trial in this case, to grant summary judgment on the merits.

Ms. Carroll (who is now 80 years old) should not be forced to endure further or indefinite delay in her cases. The Court should therefore schedule oral argument on a timeframe that ensures an appropriate and definitive resolution of this matter.

## BACKGROUND

In 1996, Mr. Trump sexually assaulted Ms. Carroll. Decades later, when Ms. Carroll revealed what happened, Mr. Trump repeatedly targeted her with defamatory statements. To defend her reputation and hold Mr. Trump accountable, Ms. Carroll filed two lawsuits.

### A. *Carroll I* and *Carroll II*

Carroll filed her first suit in November 2019 and alleged a single defamation claim for statements by Mr. Trump in June 2019 after Ms. Carroll came forward. *See* No. 20 Civ. 7311 (S.D.N.Y.) ("*Carroll I*"). Her second suit, which she filed in November 2022 and is at issue in this appeal, alleged a defamation claim for a statement by Mr. Trump in October 2022, as well a battery claim (revived by the Adult Survivors Act) for the underlying sexual assault. *See* No. 22 Civ. 10016 (S.D.N.Y.) ("*Carroll II*").

Despite being filed second, *Carroll II* proceeded to trial first. From April 25, 2023 through May 9, 2023, a nine-person jury heard evidence. Ms. Carroll testified for a full day on direct and for nearly two full days on cross-examination. Ms. Carroll then called ten more witnesses to support her case. Mr. Trump, for his part, chose not to call any witnesses, not to appear at the trial, and not to testify in his own defense. But the jury heard recorded testimony from Mr. Trump's deposition in the case, including his denial of the assault.

On May 9, after deliberating less than three hours, the jury unanimously held Mr. Trump liable for battery based on a finding that he had sexually abused Ms. Carroll. Ex. A. As Judge Kaplan has since explained, the jury found that Mr. Trump forcibly inserted his fingers into Ms. Carroll's vagina, and thus "'raped' her in the broader sense of that word which … includes any penetration by any part of an accused's body (including a finger or fingers) or any other object." *Carroll v. Trump*, 683 F. Supp. 3d 302, 324 (S.D.N.Y. 2023). In addition, the jury unanimously held Mr. Trump liable for defamation based on his October 2022 statement. Ex. A. The jury awarded $5 million in damages. *Id.*

At this point, the *Carroll I* case was still on-going. A few months after the *Carroll II* verdict and additional developments, *see infra* 9-10, Judge Kaplan granted summary judgment to Ms. Carroll on the merits of her defamation claim in *Carroll I*. *See Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 5731152 (S.D.N.Y. Sept. 6, 2023). This opinion was based partly on the application of collateral estoppel, since the jury verdict in the *Carroll II* trial had definitively established key facts bearing on the elements of Ms. Carroll's claim (including that Mr. Trump had falsely accused Ms. Carroll of fabricating her sexual assault allegation against him). *Id.* at *7-9.

*Carroll I* eventually went to trial from January 16, 2024 through January 26, 2024. *See Carroll v. Trump*, No. 20 Civ. 7311, 2024 WL 1786366 (S.D.N.Y. Apr. 25, 2024). This time, Mr. Trump attended the trial, and he paired his attendance with

disruptive conduct. *Id.* at \*6-7. After deliberating for less than three hours, a nine-person awarded Ms. Carroll $83.3 million in damages. Ex. B. On April 25, 2024, Judge Kaplan denied Mr. Trump's post-trial motions and upheld the jury verdict in its entirety. *Carroll*, 2024 WL 1786366, at \*8. Mr. Trump has since appealed. *See Carroll v. Trump*, No. 24-644 (2d Cir. Mar. 8, 2024).

Across both cases, Mr. Trump did everything in his power to try to prevent Ms. Carroll from having her day in court. Judge Kaplan has repeatedly recognized this pattern of dilatory conduct and bad faith in a series of opinions dating back several years.

### B. Mr. Trump's Obstruction of *Carroll I*: November 2019 to December 2022

Mr. Trump's delay tactics began at the very outset. In *Carroll I*, he refused to accept service of the complaint at the White House or his New York City residence, forcing Ms. Carroll to seek leave of court to serve him through alternative means. *Carroll v. Trump*, 590 F. Supp. 3d 575, 587 (S.D.N.Y. 2022). Mr. Trump then engaged in a volley of "frivolous motions practice." *Id.* He first filed a motion to dismiss, speciously asserting that he was no longer subject to personal jurisdiction in New York State. *Id.* The court rejected that motion as baseless. *Id.* Following the failure of that motion, Ms. Carroll served discovery requests. Rather than respond, Mr. Trump sought a stay pending an appellate ruling in *Zervos v. Trump*, *see id.*—even though, two months earlier, while requesting that Ms. Carroll's case be

assigned randomly (and not to the judge already overseeing *Zervos*), Mr. Trump had described *Zervos* as "'unrelated' in every respect" to Ms. Carroll's suit, Ex. C. The stay motion, too, was denied, although it resulted in another five-month delay. *See* Ex. D. Mr. Trump and his counsel then spent the next month stonewalling Ms. Carroll's efforts to initiate discovery—while communicating Mr. Trump's clear intent to continue the litigation (and seek another stay) on appeal in state court.

As it turned out, Mr. Trump had no such intent. On September 8, 2020—the deadline for Mr. Trump to appeal the denial of his stay motion—the U.S. Department of Justice ("DOJ") removed *Carroll I* to federal district court and moved to substitute the United States as defendant. *See* Ex. E. The hook for this maneuver was the Westfall Act, which allows the United States to be sued for money damages in federal district court for certain torts committed by an "employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). DOJ's irregular move came nearly a year after Ms. Carroll had filed her action, during which time neither Mr. Trump nor DOJ made any "suggestion that the government of the United States had anything whatsoever to do with [the case]." *Carroll v. Trump*, 635 F. Supp. 3d 229, 230 (S.D.N.Y. 2022). Attorney General William Barr later stated that DOJ had intervened in the case at Mr. Trump's express urging. *See* Katie Benner & Charlie Savage, *White House Asked Justice Dept. to Take Over Defamation Suit Against Trump, Barr Says*, N.Y. Times (Sept. 9, 2020).

In October 2020, Judge Kaplan denied DOJ's motion to substitute. *Carroll v. Trump*, 498 F. Supp. 3d 422, 457 (S.D.N.Y. 2020). He held that the Westfall Act does not cover the President—and that, even if it did, Mr. Trump's attacks on Ms. Carroll were not undertaken within the scope of his office or employment as President under D.C. law. *Id.* Mr. Trump and the DOJ appealed to this Court. At that same time, Mr. Trump sought a stay, which Judge Kaplan denied. Ex. F.

While Mr. Trump's Westfall Act appeal was pending—twenty-six months after Ms. Carroll had filed her action and fourteen months after New York had amended its anti-SLAPP statute—Mr. Trump moved to amend his answer to add an anti-SLAPP counterclaim. *See Carroll*, 590 F. Supp. 3d at 586. Judge Kaplan denied that motion on numerous grounds. *See id.* at 586-89. There, Judge Kaplan noted for the first time that Mr. Trump's "litigation tactics have had a dilatory effect and, indeed, strongly suggest that he is acting out of a strong desire to delay any opportunity [Ms. Carroll] may have to present her case against him." *Id.* at 588. Judge Kaplan added that Mr. Trump had "slow-rolled his defenses, asserting or inventing a new one each time his prior effort to delay the case fails." *Id.* at 587.

Shortly thereafter, the parties stipulated to a discovery schedule and Judge Kaplan set the case for trial in February 2023. Exs. G, H. Ms. Carroll participated fully in discovery: she produced 30,469 pages of records, provided 19 substantive

interrogatory responses, and sat for a deposition. Ex. I. Mr. Trump, in contrast, obstructed virtually every request and interrogatory and missed most deadlines.

On September 27, 2022—during the discovery process—this Court resolved Mr. Trump's Westfall Act appeal. *See Carroll v. Trump*, 49 F.4th 759 (2d Cir. 2022). This Court held that the Westfall Act does apply to the President and certified to the D.C. Court of Appeals the distinct question of whether Mr. Trump's repeated defamatory statements occurred within the scope of his office or employment.

One day later, Mr. Trump filed a third motion to stay the case. Ex. J. Judge Kaplan denied it, finding that Mr. Trump's position was legally meritless and at odds with his own prior arguments in the case. *See Carroll v. Trump*, 635 F. Supp. 3d 229 (S.D.N.Y. 2022). In connection with that decision, Judge Kaplan observed that although Mr. Trump had "conducted extensive discovery of the plaintiff," he had "produced virtually none himself." *Id*. at 236. Judge Kaplan pointedly added that Mr. Trump "should not be permitted to run the clock out on [Ms. Carroll's] attempt to gain a remedy for what allegedly was a serious wrong." *Id.* at 237.

By December 2022, Ms. Carroll's first case—which had been filed almost three full years earlier—had not even reached the summary judgment stage. And while Judge Kaplan had repeatedly recognized that Mr. Trump was engaged in dilatory, bad faith gamesmanship, Mr. Trump unabashedly persisted in those tactics.

**C.      Mr. Trump's Attempts to Obstruct *Carroll II*: November 2022 to April 2023**

Meanwhile, Ms. Carroll had filed *Carroll II* in November 2022. Ultimately, Judge Kaplan ruled that discovery from *Carroll I* would be admissible in *Carroll II* and ordered limited additional discovery unique to the new case. The parties engaged in that discovery, as well as summary judgment and evidentiary practice, and Judge Kaplan set *Carroll II* for trial in April 2023. Ex. K.

As trial approached, Mr. Trump undertook extraordinary efforts to delay and upend the proceedings. Well after the close of pretrial discovery—and despite his own refusal to provide a DNA sample several years earlier—Mr. Trump began his delay strategy with a motion to reopen discovery into DNA issues. *Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 2006312, at *1-2 (S.D.N.Y. Feb. 15, 2023). Judge Kaplan rejected that motion on several independent grounds, finding for the third time that Mr. Trump had "employed litigation tactics the effect and probable purpose of which have been to delay Ms. Carroll's actions against him—an object that is significant in view of the fact that Ms. Carroll is now 79 years old." *Id.* at *1.

Next, Mr. Trump requested a four-week adjournment of the trial date on the ground that a "cooling off" period was needed in light of pre-trial media coverage. *Carroll v. Trump*, 669 F. Supp. 3d 249, 252 (S.D.N.Y. 2023). He pressed this position despite the absence of any reason to doubt the sufficiency of *voir dire* to address potential juror prejudice. *Id.* at 255-56. Judge Kaplan denied this motion,

8

finding "no justification for an adjournment." *Id.* at 252; *see also id.* at 256 ("It does not sit well for Mr. Trump to promote pretrial publicity and then to claim that coverage he promoted was prejudicial to him and should be taken into account as supporting a further delay."). Judge Kaplan also observed (now for the fourth time in these cases) that it was "difficult [ ] to ignore the possibility that this latest eve-of-trial request for a postponement is a delay tactic by Mr. Trump." *Id.* at 256.

Meanwhile, Mr. Trump sought yet another one-month extension, this time based on a request to re-open discovery into litigation funding. Ex. L. Judge Kaplan denied that extension too, but authorized limited further discovery. Ex. M.

 As trial approached, Mr. Trump continued his efforts to throw a wrench into the proceedings, filing a series of bizarre and procedurally defective motions—all of which Judge Kaplan denied. *See* Ex. N (objecting to *voir dire* guidance after failing to attend a meeting with the Deputy Clerk where this very issue was discussed); Ex. O (requesting that the jury be formally instructed that Mr. Trump's decision not to attend the trial was to avoid "logistical burdens"); Ex. P (refusing, on the eve of trial, to advise Judge Kaplan whether Mr. Trump intended to appear in court).

Notwithstanding all these stall tactics, the trial proceeded in late April 2023. As mentioned above, the jury found Mr. Trump liable for defamation and battery and awarded Ms. Carroll $5 million in damages. Ex. A.

The day of the *Carroll II* verdict, Mr. Trump made this public statement:

> I HAVE ABSOLUTELY NO IDEA WHO THIS
> WOMAN IS. THIS VERDICT IS A DISGRACE – A
> CONTINUATION OF THE GREATEST WITCH HUNT
> OF ALL TIME![1]

Mr. Trump continued his attacks the next day:

> This Clinton appointed Judge, Lewis Kaplan, hated
> President Donald J. Trump more than is humanly possible.
> He is a terrible person, completely biased ....[2]

That evening, on a CNN Town Hall, Mr. Trump made numerous statements about Ms. Carroll and Judge Kaplan, including this one:

> I have no idea who this woman. This is a fake story, made
> up story. We had a horrible Clinton-appointed judge. He
> was horrible ... I have no idea who the hell—she's a whack
> job.[3]

Mr. Trump thereafter continued his defamatory attacks on Ms. Carroll. For instance, he made this statement in late August 2023:

> The woman that I never met that they accused me of rape;
> that's being run by a Democrat, a Democrat operative, and
> paid for by the Democrat Party.... These are sick people.
> These are evil people.[4]

---

[1]   @realDonaldTrump, Truth Social (May 9, 2023 3:29 PM), https://truthsocial.com/@realDonaldTrump/posts/110340379870475514.

[2]   @realDonaldTrump, Truth Social (May 10, 2023 1:20 AM), https://truthsocial.com/@realDonaldTrump/posts/110342704670441764.

[3] *READ: Transcript of CNN's Town Hall with Former President Donald Trump*, CNN (May 11, 2023 2:31 PM).

[4] Glenn Beck, *Asking Donald Trump if He Would Campaign from JAIL* at 3:11:00,

### D.     Mr. Trump's Further Obstruction of *Carroll I*: December 2022 to January 2024

Even as *Carroll II* progressed toward trial, Mr. Trump deployed new delay tactics in *Carroll I*. In December 2022, he filed a summary judgment motion where he purported to assert presidential absolute immunity—despite having waived and expressly disavowed that defense years earlier, Ex. Q, and despite not having invoked it in over three years of litigation, *Carroll v. Trump*, 680 F. Supp. 3d 491, 499-509 (S.D.N.Y 2023). Judge Kaplan rejected this motion, finding that Mr. Trump's position was waived and meritless. *Id.* at 499-507. In that opinion, Judge Kaplan denied Mr. Trump's request for leave to amend his answer, finding once again that Mr. Trump had acted with "undue delay, dilatory motive, [and] bad faith," and that his conduct had inflicted "prejudice to the opposing party." *Id.* at 504, 507.

Following further motion practice—and DOJ's withdrawal of its certification that he was shielded by the Westfall Act, Ex. R—Mr. Trump undertook two more unsuccessful emergency stay requests.[5] He first asked Judge Kaplan to stay all proceedings pending an interlocutory appeal of the denial of presidential absolute

---

BlazeTV (Aug. 30, 2023). Of course, this is just a sample of Mr. Trump's incendiary statements.

[5] Following this Court's certification of the Westfall Act issue, the D.C. Court of Appeals had rendered a decision on April 13, 2023 clarifying its law of *respondeat superior*, and this Court had remanded the matter to Judge Kaplan on April 21, 2023 in light of that ruling. *See generally Carroll v. Trump*, 66 F.4th 91 (2d Cir. 2023).

immunity. *Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 5312894 (S.D.N.Y. Aug. 18, 2023). Judge Kaplan denied this motion, finding that Mr. Trump "does not address any of this Court's reasoning in rejecting his argument." *Id.* at *4. Judge Kaplan added that any injury to Mr. Trump was the "product of his own decision"—for which Mr. Trump "has not offered any explanation"—to wait until the "tail end of this litigation" to attempt to resurrect a defense that he had waived. *Id.* at *5.

Mr. Trump then sought an emergency stay pending appeal in this Court. Ex. S. Following oral argument, a motions panel unanimously denied his request, finding that Mr. Trump could not satisfy the four-factor standard for a stay. Ex. T (order from Judges Raggi, Lohier, and Carney). Ultimately, a merits panel of this Court affirmed Judge Kaplan's conclusion that Mr. Trump had waived—and could not revive—his presidential absolute immunity defense. *Carroll v. Trump*, 88 F.4th 418 (2d Cir. 2023) (opinion by Judge Cabranes, joined by Judges Kahn and Chin). Central to this decision was a finding that Mr. Trump had engaged in undue delay, without any explanation, and this delay had prejudiced Ms. Carroll. *Id.* at 431-32.

*Carroll I* went to trial in January 2024. Mr. Trump attended this second trial in person—and his behavior during the trial, both in and out of court, displayed contempt for the judicial process. He published dozens of public statements *during the trial* in which he repeated the very same defamatory attacks on Ms. Carroll for which he had already been liable (several of these were introduced into evidence).

*Carroll*, 2024 WL 1786366, at *7. He also published many offensive attacks on Judge Kaplan—and his since included Judge Kaplan's wife in his public criticism.[6] In addition, Mr. Trump repeatedly interrupted the proceedings with improper statements about Ms. Carroll within close earshot of the jury. *See* Ex. U at 5-13. When Judge Kaplan raised that concern with Mr. Trump, the following exchange ensued:

> THE COURT: Mr. Trump has the right to be present here. That right can be forfeited, and it can be forfeited if he is disruptive, which what has been reported to me consists of, and if he disregards court orders. Mr. Trump, I hope I don't have to consider excluding you from the trial or at least from the presence. I understand you're probably very eager for me to do that.
>
> MR. TRUMP: I would love it.
>
> THE COURT: I know you would. You just can't control yourself in these circumstances, apparently.

Ex. V. Mr. Trump's courtroom theatrics did not stop there: "[M]ere minutes after plaintiff's counsel began her closing argument, [he] conspicuously stood up and walked out of the courtroom for no apparent reason save to evidence his disapproval, though he was present again when Court resumed later that morning and remained for his own counsel's entire summation." *Carroll*, 2024 WL 1786366, at *7.

---

[6]  @realDonaldTrump, Truth Social (Apr. 6, 2024 1:06 PM), https://truthsocial.com/@realDonaldTrump/posts/112225366117672509.

13

**ARGUMENT**

This Court is empowered by the Federal Rules of Appellate Procedure to set the schedule for appeals and to expedite proceedings where appropriate. Ms. Carroll respectfully requests that the Court exercise that authority to schedule oral argument in this appeal as soon as possible, and in any event, no later than the end of July 2024.

Such a schedule is justified to ensure the proper progress of this case and to avoid undue, prejudicial delay to Ms. Carroll. As detailed above, Mr. Trump spared no effort in seeking to slow the judicial process and obstruct Ms. Carroll's case. Judge Kaplan made findings on that point repeatedly over the course of the litigation. And when Mr. Trump's stall tactics finally failed him, he engaged in motion practice and courtroom conduct that no ordinary litigant would dare attempt—all in an effort to slow the case, undermine the integrity of the proceedings, and further injure Ms. Carroll. There is no reason to believe that Mr. Trump's gamesmanship is at an end.[7]

Moreover, if this Court does not hold argument in the coming months, there is a risk that Mr. Trump will seek (and receive) further and even indefinite delay. Mr. Trump is widely anticipated to be the Republican Party candidate for president.

---

[7] *See, e.g.*, Natalie Musumeci, *Trump's Delay-Delay-Delay Strategy Is Paying Off*, Yahoo! News (May 8, 2024); Ben Protess et al., *Stalling: A Time-Tested Legal Strategy that Keeps Working for Trump*, N.Y. Times (Mar. 16, 2024); Lauren Camera, *Trump's Legal Strategy of Delay, Delay, Delay Is Working*, U.S. News & World Report (Mar. 15, 2024).

The demands and political circumstances of his presidential election campaign may lead Mr. Trump to claim that it is improper to hold oral argument until after the full resolution of the presidential election (whose results he has not promised to accept). And depending on the outcome of the election, Mr. Trump may again hold high office starting early next year. In all events, Mr. Trump faces an array of other civil and criminal proceedings that he may reference to try to obstruct continued progress in Ms. Carroll's cases.

In addition, Ms. Carroll is an 80-year-old woman who has struggled mightily to obtain justice for almost five years. And given Judge Kaplan's summary judgment ruling in *Carroll I*, a timely resolution here would promote the resolution of the separate *Carroll I* appeal. Considering these highly unusual circumstances, delay in resolving this appeal risks further and continuing delay—a development that would inflict particularly severe prejudice on Ms. Carroll given her advanced age and the many years that she has already spent seeking accountability. A unanimous jury has held that Mr. Trump sexually abused and defamed Ms. Carroll. He has been ordered to pay compensatory and punitive damages in accordance with the law. Ms. Carroll respectfully requests that this Court resolve Mr. Trump's pending appeal in a timely, expedited fashion.[8]

---

[8] Mr. Trump may observe that the parties agreed to several extensions of the briefing deadlines. But that is irrelevant. The first two extensions were agreed to in light of

## CONCLUSION

Ms. Carroll respectfully requests that the Court schedule argument in this appeal as soon as possible, preferably before the end of July 2024. If necessary to ensure such a schedule, Ms. Carroll respectfully requests that the Court expedite this appeal.

Dated: New York, NY.
       May 14, 2024

Respectfully submitted,

*/s/ Roberta A. Kaplan*
ROBERTA A. KAPLAN
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com

JOSHUA MATZ
KATE HARRIS
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@kaplanhecker.com
kharris@kaplanhecker.com

*Counsel for Plaintiff-Appellee*

---

the extraordinarily complex and fast-moving proceedings that occurred in late 2023 and early 2024, as the parties both engaged in overlapping emergency trial court and appellate briefing and then prepared for trial in *Carroll I*. The final extension was granted as a limited accommodation to Mr. Trump, who had retained new counsel.

**CERTIFICATE OF COMPLIANCE**

This brief complies with the length limits requirements of Fed. R. App. P. 27(d)(2)(A) because this brief contains 3,899 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in size 14 Times New Roman font.

Dated:  May 14, 2024                     */s/ Roberta A. Kaplan*
                                          Roberta A. Kaplan

                                          *Counsel for Plaintiff-Appellee*