# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

E. JEAN CARROLL,

    *Plaintiff-Appellee*,

v.

DONALD J. TRUMP,

    *Defendant-Appellant*.

No. 23-793

## PRESIDENT TRUMP'S OPPOSITION TO PLAINTIFF-APPELLEE E. JEAN CARROLL'S MOTION TO EXPEDITE ORAL ARGUMENT

Todd Blanche
Emil Bove
BLANCHE LAW
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

D. John Sauer
JAMES OTIS LAW GROUP, LLC
13321 N. Outer Forty Rd.
Suite 300
St. Louis, Missouri 63017
(314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Defendant-Appellant*
*President Donald J. Trump*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

    I.     Virtually Every Argument in Carroll's Motion Is a *Non Sequitur*. ........ 1

    II.    Carroll's Motion Cannot Avoid the Appearance of Political Motivation. ................................................................................................................ 6

CONCLUSION ......................................................................................................... 9

CERTIFICATE OF SERVICE ............................................................................... 11

CERTIFICATE OF COMPLIANCE ..................................................................... 12

## TABLE OF AUTHORITIES

**Cases**   Page(s)

*Blassingame v. Trump*,
    87 F.4th 1 (D.C. Cir. 2023) ...........................................................................6

*Offutt v. United States*,
    348 U.S. 11 (1954) ........................................................................................9

**Other Authorities**

Lauren del Valle, *E. Jean Carroll Seeks to Expedite Trump's Appeal of Verdict From First Defamation Civil Trial*, CNN (May 15, 2024), at https://www.cnn.com/2024/05/15/politics/e-jean-carroll-expedite-trump-appeal-defamation/index.html ........................................................................8

Madeline Halpert, *E. Jean Carroll To Spend $83m Defamation Award on 'Something Donald Trump Hates,'* BBC News (Jan. 29, 2024), at https://www.bbc.com/news/world-us-canada-68131209 ..............................7

Sarah Fortinsky, *Carroll Says She'll Do Anything She Can To Help Biden Beat Trump*, The Hill (Jan. 29, 2024), at https://thehill.com/homenews/campaign/4435247-carroll-says-shell-do-anything-she-can-to-help-biden-beat-trump....................................................9

Plaintiff-Appellee E. Jean Carroll ("Carroll"), having taken 121 days, including a 33-day extension, to file her response brief in this appeal, suddenly moves to expedite oral argument. Her brief is littered with irrelevant accusations and *non sequiturs*, and it provides only a flimsy two-page analysis in support of her extraordinary request. Pl.-App'ee's Mot. To Expedite Oral Argument ("Mot."), at 14-15. Indeed, her argument for expedition is so unconvincing that it cannot avoid the manifest appearance of an improperly political motivation—*i.e.*, to manipulate the schedule of this appeal in an attempt to generate negative media coverage for President Trump at the height of his Presidential campaign, which he is leading. This Court should deny the motion and schedule oral argument in the ordinary course.

**I.      Virtually Every Argument in Carroll's Motion Is a *Non Sequitur*.**

Virtually every assertion and argument in Carroll's Motion is a *non sequitur*.

First, Carroll repeatedly argues that the Court should expedite oral argument because she speculates that President Trump might someday file his own motion to *postpone* oral argument. Mot. 1 ("Mr. Trump may well contend that any oral argument scheduled for later in 2024 must be deferred until early 2025…."); *id.* at 14 (arguing that "there is a risk that Mr. Trump will seek (and receive) further and even indefinite delay"). This argument is meritless. First, it is entirely speculative, because President Trump has not filed any such motion, and Carroll has no basis to predict when or whether he might do so. Second, if such motion were to be filed,

1

the natural way to address it would be for Carroll to file an opposition to such a motion at that time—not to file a preemptive motion to *expedite* oral argument when no such motion to postpone has been filed. Unsurprisingly, Carroll cites no authority supporting her novel "preemptive strike" approach to motions practice.

Next, Carroll accuses President Trump of "a clear pattern of dilatory, obstructionist, and bad faith conduct throughout these proceedings." *Id.* at 1. In addition to the fact that such accusations are entirely false, as discussed below, even taken at face value they provide no justification to *expedite* oral argument. Carroll is free to raise such meritless arguments in opposition if President Trump ever moves to postpone this appeal, but they have no bearing on whether the oral argument should be accelerated now.

In addition, Carroll argues that she "is now 80 years old" and "should not be forced to endure further or indefinite delay in her cases." *Id.* at 1; *see also id.* at 15. Given that Carroll, by her own admission, waited for at least *twenty-three years* between the alleged conduct, which President Trump has consistently and continuously denied ever took place, and her first false accusation of President Trump, this argument is hard to take seriously. Carroll delayed for more than two decades (the exact amount of time is, of course, unknown[1]) before raising her

---

[1] In her motion, Carroll contends that the alleged conduct occurred "[i]n 1996," and admits that she did not accuse President Trump until "[d]ecades later," "in June 2019." Mot. 2. In fact, in her sworn testimony, she was far more vague about when

2

implausible but inflammatory allegations, at a time calculated to maximize the political damage to President Trump's then-active reelection campaign. The fact that Carroll happens to be litigating her false claims when she is decades older than she was when the incidents supposedly happened, is a situation entirely of her own making. Moreover, Carroll was well aware of her own age when she asked this Court for 88 days from the filing of President Trump's brief in which to file her Brief of Appellee in this case, Doc. 98, and then took another extension of 33 days on top of that, Doc. 101. Thus, even her very recent litigation conduct belies her sudden, new-found concern about her own age now.

Next, Carroll points to the closely related appeal in *Carroll I*, arguing that expedited oral argument here "would promote the resolution of the separate *Carroll I* appeal." Mot. 15. This consideration cuts entirely in the opposite direction. The pendency of a closely related appeal in *Carroll I* argues in favor of *postponing* consideration of this case, not expediting it. Carroll admits that the two appeals are closely related—among other things, the district court in *Carroll I* erroneously treated the prior jury verdict and judgment in *Carroll II* as collaterally estopping President Trump on a wide array of disputed factual issues, including asserting his

---

the alleged conduct occurred, declining to clearly specify even in what *year* the supposed incident happened—thus conveniently rendering her account very difficult to falsify through contemporaneous, objective evidence. *See* Br. of Appellant 3-4; A.1582-83; A.1748-49.

innocence, as Carroll acknowledges. Mot. 3. The fact that the two appeals are closely related counsels in favor of the Court considering them *together* and in tandem—not expediting this appeal so that it is fully resolved before briefing concludes in *Carroll I*.

Finally, Carroll accuses President Trump of a "pattern of dilatory, obstructionist, and bad faith conduct." Mot. 1. This argument is largely irrelevant, and it is entirely meritless. Carroll spends the vast majority of her motion arguing that President Trump has previously attempted to delay these proceedings—she devotes 12 pages to such accusations, *id.* at 2-13, while devoting only 2 pages to her conclusory arguments, *id.* 14-15—but her complaints are inaccurate *non sequiturs*.

For example, the vast majority of her complaints about supposed dilatory conduct occurred in *Carroll I*, not in this case at all. *See* Mot. 4-7, 11-13.[2] Moreover, the vast majority of the supposedly dilatory conduct she identifies occurred years ago, before she took additional delays and an extension to file her brief in this case. For more than a year after the last of those alleged delays, Carroll took no steps at all to expedite resolution of this case, content for the appeal to proceed under the same procedures as any other appeal would.

---

[2] Carroll does not explain how any perceived delay in the separate *Carroll I* case adversely impacted her in this case. To the contrary, Carroll benefited greatly from the cases proceeding on different tracks, because the district court erroneously found the judgment in this case to have preclusive effect in *Carroll I*, effectively relieving Carroll of the burden of having to prove the merits in that case.

4

Furthermore, on page 2 of her motion, Carroll admits that *this* case was filed "in November 2022" and went to trial "[f]rom April 25, 2023 through May 9, 2023." Mot. 2. In other words, this case went from the filing of the complaint through the conclusion of trial within *five months*—a lightning-fast resolution for civil litigation in federal district court, by any standard. It is hard to see how Carroll suffered any prejudice from any nonexistent, supposedly dilatory conduct in *this* case.

Moreover, Carroll's complaints about supposed delay in *Carroll I* are entirely meritless. Carroll never explains how supposed dilatory conduct in a *different* case somehow warrants expedited treatment in *this* case, so the entire argument is an illogical *non sequitur*. Her individual complaints, moreover, fare no better. She cites, for example, pre-trial motions filed by President Trump that were denied without affecting the trial date—hardly an example of undue delay. Mot. 4-7. Carroll complains that President Trump did not call witnesses or testify in his own defense, as is his right, at the jury trial in this matter, *id.* at 2—again, hardly an example of dilatory conduct. Carroll accuses President Trump of supposedly "disruptive conduct" during the trial in *Carroll I*, *id.* at 4, but she does not contend that this supposedly "disruptive conduct" delayed the trial in any way. Carroll accuses President Trump of exercising basic procedural rights and engaging in routine motions practice in *Carroll I*—both essential parts of a vigorous defense of that case. *Id.* at 4-7, 11-13. Carroll accuses President Trump and DOJ of delaying

5

the case by contending that his public statements about Carroll in White House press conferences were actions conducted "within the scope of his office or employment," *id.* at 5-6—a position that has now been vindicated by the D.C. Circuit's recent decision in *Blassingame v. Trump*, 87 F.4th 1, 20-22 (D.C. Cir. 2023).[3]

As to *this* case, Carroll complains that President Trump filed motions to postpone the lightning-fast jury trial, which the district court denied, resulting in no delay. Mot. 8-9. Indeed, Carroll herself emphasizes that these motions were denied and had no impact on the trial date. *Id.* at 9. As her only other argument relating to *this* case, Carroll contends that President Trump made public statements after the *Carroll II* verdict continuing to deny Carroll's allegations, as he has an unquestionable First Amendment right to do. *Id.* at 10. Carroll never explains how these statements have any bearing on her request to expedite oral argument. *See id.*

## II. Carroll's Motion Cannot Avoid the Appearance of Political Motivation.

Carroll's arguments are so meritless—especially in light of her previous extension to filing her brief in this very appeal—that her motion to expedite oral

---

[3] Carroll also overlooks that much of the scheduling delays in *Carroll I* were due to her own conduct and the district court, not President Trump. On November 10, 2022, Carroll filed a motion to postpone the trial date, D.Ct. Doc. 97, which the district court granted, D.Ct. Doc. 100. On March 17, 2023, the parties filed a joint motion to consolidate *Carroll I* and *Carroll II* for trial in April 2023, D.Ct. Doc. 147, but the district court denied the motion and delayed trial in *Carroll I*, *see* D.Ct. Doc. 148. Then, on June 15, 2023, the district court *sua sponte* set *Carroll I* for trial on January 15, 2024, seven months later, without explanation for the additional delay. D.Ct. Doc. 170.

6

argument cannot avoid the appearance of an ulterior, political motive. Tellingly, she leads her argument with a reference to "the pendency of the general presidential election campaign." Mot. 1. Carroll evidently hopes to *influence* that "general presidential election campaign" by manipulating the timing of this appeal in an attempt to generate negative headlines about President Trump. *See id.* That, it seems evident, is the likely actual motivation for Carroll's motion to expedite, as Carroll's personal antagonism and rancor toward President Trump is well-documented.[4]

Such political motivation is consistent with a long history of politically motivated and politically charged conduct by Carroll in these cases. As noted above, despite alleging misconduct dating (vaguely) to the mid-1990s, Carroll never made any allegation against President Trump until *2019*, in ideal time to attempt to affect his 2020 campaign for re-election. *See* Br. of Appellant 4. Carroll admits that she filed suit against President Trump only after a suggestion from one of President Trump's die-hard political opponents, rabid critic George Conway. *Id.*; A.1705-06. Carroll's false, lurid allegations against President Trump are strikingly similar to the

---

[4] Carroll has bizarrely proclaimed that she intends to use the monetary award in *Carroll I* to do "something Donald Trump hates. . . . If it will cause him pain for me to give money to certain things, that's my intent." Madeline Halpert, *E. Jean Carroll To Spend $83m Defamation Award on 'Something Donald Trump Hates,'* BBC NEWS (Jan. 29, 2024), https://www.bbc.com/news/world-us-canada-68131209. Carroll's stated desire to publicly antagonize President Trump does not constitute a legally cognizable basis to depart from the standard procedures that would apply to any other appeal before this Court.

plot of a 2012 episode of *Law & Order*, one of her favorite TV shows, in which a victim is sexually assaulted in a Bergdorf Goodman dressing room. A.1955. Carroll later obtained funding for her lawsuits against President Trump from another one of his political opponents, the hyper-partisan anti-Trump billionaire Reid Hoffman, A.1176-77—a fact that she later falsely denied under oath, A.1175-76. Carroll took no steps to expedite this appeal throughout merits briefing—on the contrary, she took 121 days to file her brief, including an over month-long extension—then suddenly seeks expedited oral argument just as the summer Presidential campaign season, including the Republican National Convention and Democrat National Convention, approaches. The fact that her motion to expedite received near-instantaneous media coverage[5] tends to reinforce the conclusion that Carroll's "motion to expedite" is motivated by political, not legal, considerations. For all these reasons, the timing of Carroll's sudden request for expedition is more than suspicious.

In short, Carroll's highly unusual motion to expedite oral argument cannot avoid the appearance of an ulterior, unspoken political motivation—*i.e.*, to manipulate the timing of this appeal in a cynical attempt to drive negative media coverage against President Trump at the height of his current, winning Presidential

---

[5] Not coincidentally, the document received media coverage within hours of its filing. *See* Lauren del Valle, *E. Jean Carroll Seeks to Expedite Trump's Appeal of Verdict From First Defamation Civil Trial*, CNN (May 15, 2024), at https://www.cnn.com/2024/05/15/politics/e-jean-carroll-expedite-trump-appeal-defamation/index.html.

8

campaign. Even the timing of oral argument she requests—*i.e.*, argument in "July 2024," Mot. 1, at the height of summer campaign season and same month as the Republican National Convention—appears tailor-made to serve this corrupt political motive. Indeed, Carroll's partisan motivations are no secret. "'I'll do anything I can,' Carroll said [in January 2024] when asked whether she would be interested in helping the Biden team." Sarah Fortinsky, *Carroll Says She'll Do Anything She Can To Help Biden Beat Trump*, THE HILL (Jan. 29, 2024), at https://thehill.com/homenews/campaign/4435247-carroll-says-shell-do-anything-she-can-to-help-biden-beat-trump. Evidently, "do[ing] anything [she] can" includes cynically and baselessly moving to expedite oral argument in this appeal.

Worst of all, Carroll's political maneuvering wrongfully threatens to tarnish this Court with the same appearance of improper political motivation. *See Offutt v. United States*, 348 U.S. 11, 14 (1954) ("[J]ustice must satisfy the appearance of justice."). The Court should deny Carroll's Motion to Expedite Oral Argument.

## CONCLUSION

Plaintiff-Appellee E. Jean Carroll's "Motion To Expedite Oral Argument In This Appeal," Doc. 139-1, should be denied.

9

Dated: May 21, 2024

Todd Blanche
Emil Bove
BLANCHE LAW
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

Respectfully submitted,

*/s/ D. John Sauer*
D. John Sauer
JAMES OTIS LAW GROUP, LLC
13321 N. Outer Forty Rd.
Suite 300
St. Louis, Missouri 63017
(314) 562-0031
John.Sauer@james-otis.com

*Attorneys for Defendant-Appellant
President Donald J. Trump*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 21, 2024, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ D. John Sauer*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,335 words, excluding those portions pursuant to Federal Rule of Appellate Procedure 32(f), according to Microsoft Word.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface in Microsoft Word utilizing 14-point Times New Roman font.

*/s/ D. John Sauer*