MYRNA PÉREZ, *Circuit Judge*, joined by EUNICE C. LEE, BETH ROBINSON, and SARAH A. L. MERRIAM, *Circuit Judges*, concurring in the denial of rehearing en banc:

Defendant-Appellant appealed a civil judgment against him for sexual assault and defamation, challenging several of the district court's evidentiary rulings. For the reasons discussed at length in its unanimous opinion, the panel, on which I sat, found no reversible abuse of discretion. *See Carroll v. Trump*, 124 F.4th 140 (2d Cir. 2024) (per curiam). The panel applied the now-axiomatic rule that, when reviewing evidentiary determinations, "an appellate court must defer to the lower court's sound judgment, so long as its decision falls within its wide discretion and is not manifestly erroneous." *United States v. Tsarnaev*, 595 U.S. 302, 323 (2022) (citation and internal quotation marks omitted).

The dissenting opinion would have us stray far from our proper role as a court of review. Without acknowledging the deferential standard we are duty-bound to apply, the dissenting opinion offers several arguments, many of which were not raised by Defendant to the panel or in his petition for rehearing.

Simply re-litigating a case is not an appropriate use of the en banc procedure. In those rare instances in which a case warrants our collective consideration, it is almost always because it involves a question of exceptional importance or a conflict between the panel's opinion and appellate precedent. Fed. R. App. P. 40(b)(2), (c). The dissenting opinion ignores this rule of restraint. It points to no exceptionally important issues, no cases that actually conflict with the panel's decision, and no persuasive justification for review of this case by the full Court.

Because there was no manifest error by the district court, and because the standard for en banc review has not been met, I concur in the denial of rehearing en banc.