CHIN and CARNEY, *Senior Circuit Judges*, in support of the denial of rehearing en banc:

As members of the three-judge panel that decided the case, we fully endorse the concurrence filed by our third panel member, Judge Pérez, in the Court's denial of the petition for rehearing en banc.[1] The panel decision was correct, *see Carroll v. Trump*, 124 F.4th 140 (2d Cir. 2024), and the criteria for en banc rehearing have not been met. Fed. R. App. P. 40(b)(2).

The dissent takes issue with the panel's review of the district court's decisions to admit or exclude certain pieces of evidence over the course of a trial—decisions on which courts of appeals must "afford broad discretion to a district court." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (Thomas, J.).[2] On such review, the panel found no abuse of discretion, much less any manifest error, in the challenged district court rulings. *See United States v. Tsarnaev*, 595 U.S. 302, 323 (2022). And even assuming error in any of the district court's rulings, to warrant retrial Defendant also had to show that "it is likely that in some material respect the factfinder's judgment was swayed" by any error. *Warren v. Pataki*, 823 F.3d 125, 138 (2d Cir. 2016). For the reasons set forth in detail in our opinion, the panel concluded that Defendant failed to meet that standard as well. *See Carroll*, 124 F.4th at 178. The dissent demonstrates no error in this judgment and certainly none that warrants the Court's convening en banc.

Rehearing en banc is "not favored" and is permitted only in limited circumstances: if the panel decision conflicts with specific precedent of this Circuit,

---

[1] As senior judges, Judges Chin and Carney have no vote on whether to rehear a case en banc. *See* 28 U.S.C. 46(c); Fed. R. App. P. 40(c). Pursuant to this Court's protocols, however, senior judges who were members of the panel deciding the case that is subject to the en banc petition may file a statement expressing their views where, as here, an active judge has filed a dissent from the denial of a petition for rehearing en banc.

[2] Unless otherwise noted, in text quoted from caselaw and the parties' briefing, this statement omits all alterations, citations, footnotes, and internal quotation marks.

another Circuit, or the Supreme Court, or if "the proceeding involves one or more questions of exceptional importance." Fed. R. App. P. 40(c), (b)(2)(A)–(D). None of these criteria is met here. The dissent fails to cite contrary binding authority or any prior decisions that, upon review, actually conflict with the panel's decision; it fails to acknowledge the deferential standard of review that binds us; and it fails to identify any single question of exceptional importance that requires en banc consideration.

Rehearing en banc is also correctly denied because arguments advanced now by the dissent were not raised or developed by Defendant, either in his initial appeal or even in his petition for rehearing. "Our adversary system is designed around the premise that the parties [represented by competent counsel] know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment).

We write separately to respond in more detail to several arguments raised now by the dissent, which a majority of the active judges of this Court correctly concluded did not warrant en banc review.

### I. "Actual Malice"

The dissent faults the panel for not addressing the issue of "actual malice" and the exclusion of certain evidence that, in its view, might be related to that issue. Menashi, J., dissenting from denial of reh'g en banc ("Dissent") at 4. Our colleague argues that, to prevail as a public-figure defamation plaintiff, Plaintiff had to prove that Defendant made the challenged defamatory statement with "actual malice," Dissent at 4–5, that is, "with knowledge that it was false or with reckless disregard of whether it was false or not," *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). The dissent contends that the panel erred by not addressing the relevance of certain excluded evidence to the issue of actual malice. Dissent at 4.

2

The panel did not address any "actual malice" argument for good reason: it was not raised by Defendant on appeal or in his petition for rehearing en banc. And that Defendant did not raise the argument is not surprising. His principal defense at trial was that the alleged assault simply did not happen: that his statements about Plaintiff (that she was, for example, carrying out a "con job," App'x at 2858) were true. An "actual malice" defense—that a *false* statement was uttered without actual malice—was thus orthogonal to his basic position.

In any event, the panel carefully reviewed the categories of excluded evidence that Defendant claimed bore on the issues of "credibility, bias, motive, and [his] truth defense." Appellant's Br. at 40. We explained, "We accord great deference to a district court 'in determining whether evidence is admissible, and in controlling the mode and order of its presentation to promote the effective ascertainment of the truth.'" *Carroll*, 124 F.4th at 175 (quoting *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006)). Having conducted that deferential review, the panel identified no abuse of discretion in the district court's rulings. We refer the reader to the panel opinion for the relevant details and discussion. *See id.* at 171–78.

## II.     The Admission of Evidence

The panel held that the district court did not abuse its discretion in admitting a recording of a 2005 conversation involving Defendant known as the *Access Hollywood* tape (the "Tape"); the testimony of Jessica Leeds about an incident on an airline flight (the "Leeds testimony"); and the testimony of Natasha Stoynoff about an incident at Mar-a-Lago (the "Stoynoff testimony"). *See Carroll*, 124 F.4th at 159–71. All three types of evidence were admissible under Rules 413(d) and 415, we concluded, as evidence that a "party committed any other sexual assault." Fed. R. Evid. 415(a). As discussed in our opinion, Rules 413–415 reflect Congress's considered judgment to permit the admission of propensity evidence in certain sexual assault cases. *See Carroll*, 124 F.4th at

3

154–55 & n.5; *see also United States v. Schaffer*, 851 F.3d 166, 181 (2d Cir. 2017) ("The wisdom of an evidentiary rule permitting the use of propensity evidence in prosecutions for sexual assault is not the concern of the courts. . . . Deliberating the merits and demerits of Rule 413 is a matter for Congress alone."). The dissent raises three main challenges to our holdings under Rules 413, 415, and 404(b). None is persuasive.

*First*, the dissent advances a novel interpretation of a "crime under federal law or under state law" for the purposes of Rule 413(d),[3] asserting that this term means "a crime of *sexual assault*," that is, it "must involve the violation of a statute that criminalizes conduct constitutive of sexual assault." Dissent at 22 (emphasis added).[4] But the dissent does not cite any decision of this Court or any other Circuit to have limited the reference to "crime" in Rule 413(d) in this way. And meanwhile, several of our sister circuits have rejected precisely the argument that the dissent advances. *See, e.g.*, *United States v. Ahmed*, 119 F.4th 564, 568 (8th Cir. 2024) ("[F]or [Rule 413] to apply, [a party] need not have been charged with any particular offense. What matters is whether the offense he was charged with involved conduct that Rule 413(d) deems to be sexual assault."); *United States v. Foley*, 740 F.3d 1079, 1086–87 (7th Cir. 2014) (rejecting argument that "Rule 413 did not apply because [defendant] was not charged with

---

[3] To qualify as a sexual assault under Rule 413(d), the prior act must meet two independent criteria: it must be (i) "a crime under federal law or under state law" that (ii) involves any conduct matching at least one of five listed descriptions. Fed. R. Evid. 413(d), 413(d)(1)–(d)(5).

[4] The dissent attempts in this argument, it seems, to supplement a contention raised by Defendant for the first time in his appellate reply brief: that the Leeds testimony was inadmissible under Rules 413–415 on the ground that the conduct Leeds testified to allegedly took place on a domestic airline flight in 1978 or 1979, when it was purportedly not "a crime under federal law or under state law" to engage in the alleged conduct while on an airplane. *See* Appellant's Reply Br. at 7–9. The panel explained that "[i]n 1978 and 1979, just as it is now, it was a federal crime to commit a simple assault on an airplane." *Carroll*, 124 F.4th at 160 (discussing 18 U.S.C. § 113(e) (1976)).

4

'sexual assault,'" where defendant "was charged with child pornography production, distribution, and possession," as well as "transporting a minor across state lines to engage in a sex act," explaining that "Rule 413 uses statutory definitions to designate the covered conduct, but the focus is on the conduct itself rather than how the charges have been drafted"); *United States v. Batton*, 602 F.3d 1191, 1197 (10th Cir. 2010) (rejecting argument that Rules 413–415 do not apply on the ground that, regardless of whether the elements of the charged *crime* include "conduct contemplated by Rule 413," the charged *conduct* meets "Rule 413's internal definition of sexual assault"); *United States v. Blazek*, 431 F.3d 1104, 1108–09 (8th Cir. 2005) (rejecting argument that Rules 413–415 do "not apply because [defendant] was not charged with an 'offense of sexual assault'" where the "instant offense involve[d] conduct" described in Rule 413(d)).

So, for support, the dissent turns to the Supreme Court's very recent decision in *Delligatti v. United States*, 145 S. Ct. 797, 808 (2025), which interprets the elements clause of 18 U.S.C. § 924(c)(3) under the "categorical approach." Our colleague disclaims reliance on the categorical approach, Dissent at 26, yet he points to language in *Delligatti* to suggest that, using the categorical approach, the term "crime" in Rule 413(d) must refer *only* to crimes that "encompass prototypical sexual assaults." Dissent at 22–23.[5]

The categorical approach, however, is a particular method of statutory interpretation that has been crafted "for sentencing and immigration purposes," *United States v. Maxwell*, 118 F.4th 256, 265 n.22 (2d Cir. 2024)—not for reading rules of evidence. And even in the sentencing or immigration context, the Supreme Court has declined to apply the categorical approach where, as here, the text "calls for circumstance-specific application." *Nijhawan v. Holder*, 557 U.S. 29, 38 (2009). As this Court has held, statutes that require an agency or reviewing court to assess the

---

[5] Defendant made the same substantive argument in his petition for rehearing, describing it there as an application of the "categorical approach." Pet. for Reh'g at 9–12.

5

"conduct" of an individual rather than a "conviction" call for circumstance-specific inquiries. *Alvarez v. Garland*, 33 F.4th 626, 643 (2d Cir. 2022). Here, Rule 413(d) defines "sexual assault" in relation to "*conduct* described in subparagraphs (1)–(4)" and "an attempt or conspiracy to engage in [that] *conduct*." Fed. R. Evid. 413(d)(5) (emphasis added). The categorical approach and the Supreme Court's reasoning in *Delligatti* have no bearing on this appeal.[6]

*Second*, and in a similar vein, the dissent argues that the word "attempt" as used in Rule 413(d)(5) must "qualif[y] as a 'crime under federal law or under state law' that criminalizes . . . *attempted sexual assault*." Dissent at 24 (emphasis added); *see id*. at 29. That reading, too, is untenable.

Rule 413(d)(5) provides that the definition of "sexual assault" may be met if—in addition to satisfying the requirement of describing "a crime under federal law or under state law"—the evidence also demonstrates "an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4)." Fed. R. Evid. 413(d)(5). Rule 413(d)(5) thus expressly provides that, as used there, the word "attempt" refers to an attempt "to engage in conduct described in subparagraphs (1)–(4)"—statutory text that the dissent's interpretation overlooks. Fed. R. Evid. 413(d)(5).

The dissent further claims that, to qualify as "sexual assault" under Rule 413(d)(5), the evidence must show "attempts or conspiracies to violate *such laws* that Rule 413(d)(5) identifies." Dissent at 23 (emphasis added). But Rule 413(d)(5) does not

---

[6] The dissent applies its strained reading of Rule 413(d) to argue also that the Stoynoff testimony and the Tape were inadmissible on the ground that neither was evidence of "a crime under federal law or under state law," which in the dissent's view means "a crime of sexual assault." Dissent at 27–33, 35–37. Yet neither Defendant's brief on appeal nor his petition for rehearing advances any argument that these two pieces of evidence were not evidence of a "crime." *See Carroll*, 124 F.4th at 163 (explaining that the district court's determination that the Stoynoff testimony described "a crime under Florida law [is] a proposition that Mr. Trump does not challenge").

6

identify any "laws"—it speaks only to "conduct." The dissent points to no authority for its contrary reading.

*Third*, the dissent takes issue with the panel's alternative ruling that the Tape was admissible as non-propensity evidence of an "other act" under Rule 404(b). We found that it was within the district court's discretion to admit the Tape under Rules 413–415 and, in the alternative, under Rule 404(b).[7] Our colleague argues that the "other act" evidence here was bare propensity evidence under a different name. The panel's Rule 404(b) ruling, however, is consistent with our Circuit's longstanding "inclusionary approach" to the admission of evidence under Rule 404(b). *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996). As the panel opinion explains, the Tape was relevant here *not* to show that Defendant had a "bad character," but for other purposes, *inter alia*, to show a pattern of conduct that tends to rebut Defendant's fabrication defense and to corroborate witness testimony. *Carroll*, 124 F.4th at 157, 168–70. Moreover, even if the admission of the Tape was error under either Rules 413–415 or Rule 404(b), the dissent fails to set out any argument that the error necessarily swayed the jury as to a material fact, *see Warren*, 823 F.3d at 138, or that Defendant has borne the burden of showing

---

[7] The dissent contends that "[t]he district court did not admit the *Access Hollywood* tape pursuant to Rule 415 but the panel opinion proceeded as if it had." Dissent at 34; *see id*. at 25. As the panel described, the district court decided on a motion in limine that the Tape was admissible under Rules 413–415. *Carroll v. Trump*, 660 F. Supp. 3d 196, 203 (S.D.N.Y. 2023). In a post-trial ruling, the district court noted its view that the Tape was also admissible under Rule 404(b), explaining that reliance on Rules 413–415 alone was "unnecessary." *Carroll v. Trump*, 683 F. Supp. 3d 302, 313 n.20 (S.D.N.Y. 2023). The district court was later explicit that "[t]he video was admitted in *Carroll II* at least under Rule 415." *Carroll v. Trump*, No. 20-CV-7311 (LAK), 2024 WL 97359, at *9 (S.D.N.Y. Jan. 9, 2024); *see id*. at *10 (rejecting Defendant's argument in *Carroll I* that the Tape was "not admissible under Rule 415" for the reasons articulated "in the Court's prior rulings" (citing *Carroll*, 660 F. Supp. 3d at 200–03)). The dissent also suggests that the panel was incorrect in not addressing any potential error arising from the district court's omission of the "*Access Hollywood* tape in its instructions to the jury on the evidence of Mr. Trump's alleged sexual assaults of other women." Dissent at 34. In the district court, however, Defendant did not "object[] to [the Tape's] exclusion from that portion of the charge." *Carroll*, 683 F. Supp. 3d at 313 n.20. Nor did Defendant raise any such objection on appeal or in his petition for rehearing.

7

reversible error. We refer the reader to the panel opinion for the details of that analysis. *See Carroll*, 124 F.4th at 156–57, 168–70.

In sum, the panel applied Rules 413–415 and Rule 404(b) as written and consistent with Circuit precedent. Moreover, the dissent fails to set out any argument that, even if the admission of any of this evidence was an abuse of discretion, Defendant has borne the burden of showing that the error warranted reversal and retrial.

### III. Rule 403 Balancing

Finally, contrary to the dissent's account, Dissent at 15, the panel emphasized that Rule 403 applies with its usual force to evidence otherwise admissible under Rules 413–415. *See Carroll*, 124 F.4th at 155 ("Rule 403's protections apply to evidence being offered under Rule 415" and, therefore, "if the trial court finds that the other act evidence is admissible under Rules 413 and 415, it may still exclude the evidence if it finds that the probative value of the propensity evidence is 'substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'"); *id*. at 156 ("[T]he district court may admit evidence of other sexual assaults under Rule 415 when . . . applying Rule 403, the court further determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.").

On appeal, Defendant challenged the district court's Rule 403 balancing of its rulings admitting the testimony of Leeds and Stoynoff under Rules 413–415. Each woman testified to incidents that allegedly occurred many years before their respective trial testimony and years apart from the incident that Carroll alleged. Defendant contended on this basis that Rule 403 required the exclusion of both women's testimony. *See* Appellant's Br. at 36–37. And once again on abuse of discretion review, the panel decided that the elapsed time did "not negate the probative value of the evidence of those acts to the degree that would be required to find an abuse of

8

discretion in admitting them for the jury's consideration." *Carroll*, 124 F.4th at 170.[8]

In so deciding—and contrary to the dissent's suggestion—the panel did not rely on legislative history to "override" or "alter the effect" of any Rule. Dissent at 1, 16. No part of the text of Rules 413–415 excludes evidence of an otherwise qualifying event because of the date of its alleged occurrence. The panel applied the Rules and assessed the district court's application of them consistent with the "great deference" that we owe to a district court's decision "as to the relevancy and unfair prejudice of proffered evidence, mindful that it sees the witnesses, the parties, the jurors, and the attorneys, and is thus in a superior position to evaluate the likely impact of the evidence." *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir. 2006).

In our decision, and contrary to the dissent's claim, we cited a statement made by Rep. Molinari, the sponsor of the original bill proposing Rules 413–415, only as additional support for our understanding of the evidentiary rules and our decision on this issue. *Carroll*, 124 F.4th at 165 & n.17. Our Court in *United States v. Larson*, 112 F.3d 600 (2d Cir. 1997), an opinion on which our dissenting colleague relies in charging error in our Rule 403 analysis, cited the same statement by Rep. Molinari to support its review of the district court's Rule 403 balancing. *See* 112 F.3d at 605 ("The legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad . . . .").

The dissent further asserts that the panel decision "conflicts with our precedent" in *United States v. Schaffer*, 851 F.3d 166, 180 (2d Cir. 2017), in which we held that Rule 403 applies to evidence offered under Rule 413. Dissent at 21. But not only did the panel

---

[8] The dissent incorrectly asserts that the panel "did not conduct the remoteness analysis that Rule 403 requires at all." Dissent at 18. Quoting a few select words of the panel decision, the dissent contends that the panel considered only "the time lapse between the alleged acts." *Id*. (quoting *Carroll*, 124 F.4th at 170). Reading these words in their full context makes clear, however, that the panel properly analyzed whether the lapse in time between the alleged acts and the testimony about those acts "negate[d] the probative value of the evidence of those acts to the degree that would be required to find an abuse of discretion in admitting them for the jury's consideration." *Carroll*, 124 F.4th at 170.

9

repeatedly reaffirm *Schaffer*'s holding, *Schaffer*'s analysis itself also mirrors that of the panel's here: the *Schaffer* Court assessed the district court's Rule 403 balancing analysis while "bearing in mind the 'great deference' accorded to district courts in resolving evidentiary questions" and upheld the district court's admission of evidence under Rule 413, as we did, here. 851 F.3d at 184 (quoting *United States v. Quinones*, 511 F.3d 289, 310 (2d Cir. 2007)).

En banc review is hardly necessary to emphasize that Rule 403 applies with its usual force to evidence that is otherwise admissible under Rules 413–415. The panel applied Rule 403 explicitly and reasonably and took no contrary position. *Carroll*, 124 F.4th at 170–71. The dissent may disagree with the result of our abuse of discretion review of the district court's Rule 403 balancing. But any such disagreement hardly warrants en banc review. *See Tharpe v. Sellers*, 583 U.S. 33, 46–47 (2018) (Thomas, J., dissenting) ("[E]ven if we might have made a different call, abuse-of-discretion review means we cannot 'substitute [our] judgment for that of the district court.'").

## IV. Conclusion

The rulings of the panel and the challenges raised by the dissent do not present the kind of broad concerns about the law of the Circuit that warrant convening en banc. The dissent's "actual malice" argument was not addressed by the panel because it was not raised by Defendant on appeal. The dissent's arguments concerning the admissibility of evidence under Federal Rules of Evidence 413–415 were not raised by Defendant on appeal, and the dissent's strained reading of Rule 413 lacks merit. The dissent's Rule 404(b) argument fails to engage with the panel's reasoning, explain why any purported error necessarily swayed the jury as to a material fact, *see Warren*, 823 F.3d at 138, or show that Defendant has borne the burden of showing reversible error. Finally, contrary to the dissent's account, the panel reaffirmed the applicability of Rule 403 to evidence otherwise admissible under Rules 413–415. Even on his own terms, our

10

dissenting colleague fails to explain why any purported error warrants a retrial or full court review. As Judge Pérez reminds us, we do not convene en banc to relitigate a case.

The Court appropriately denied the petition for rehearing en banc.